■ PAN AMERICAN WORLD AIRWAYS, INC., Respondent, v DENNISON TICKET CO., PRINTHOUSE DIVISION, et al., Appellants, et al., Defendants.—Order of the Supreme Court, New York County (Francis Pecora, J.), entered July 5, 1985, which, among other things, denied the defendants-appellants' motion for partial summary judgment limiting plaintiff's recovery to $5,000, is affirmed, without costs.

The defendant company submitted a competitive bid to print airline tickets for the plaintiff. The purchase agreement included the following language:

"You will be responsible for lost or stolen tickets and related forms (while in your facilities and until such time they are given to a common carrier or delivered to Pan Am facilities by your employees) for the value of the documents.

"In addition, you will be responsible for lost or stolen tickets and related forms, while they are in your facilities up to a cumulative maximum of $5,000.00 per year for consequential loss to Pan Am through the fraudulent use or redemption of such tickets and related forms.

"You will take sufficient precaution on all printed waste material or manufacturing materials (i.e., printing plates) to prevent fraudulent use."

Subsequently, it was found that the tickets had been printed as part of a series run but because the carbons used in the ticket books were slightly defective, the entire series was rerun using identical numbers. The defective tickets were placed in the defendant's vault to be destroyed. According to the codefendant, an officer of the company, a former employee "may have absconded with a quantity of these tickets."

Some of these defective tickets did turn up and were confiscated from passengers, and this action was commenced to recover for the fraudulent use of the tickets.

Among other things, a cross motion was made by the

defendants for partial summary judgment to limit the plaintiff's recovery to $5,000, pursuant to the language of the purchase agreement, *supra*. While we agree with Special Term that at this point such partial summary judgment for limitation should be denied, we do not adopt the reasoning.

The agreement itself is confusing. The limitation is for "consequential loss". The general statement of responsibility is for "the value of the documents." It is not clear how, in a situation such as this, there is a distinction between the value of the documents and the consequential loss. Further, the limitation could not apply if there was gross negligence. *(Gross v Sweet,* 49 NY2d 102, 106.)

After completion of disclosure proceedings, provided for by the court at Special Term, it may be possible to consider further the question of whether the limitation should apply. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Kassal, JJ.